IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., : | CIVIL ACTION |
|    Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ATMEL CORPORATION, : | NO. 02-CV-864 |
|    Defendant. : | |

ORDER

AND NOW, this   23rd   day of February 2005, it is hereby ORDERED that the Motion in Limine to Exclude Evidence of Dr. Virendra Rana Attacking the Validity of U.S. Patent No. 5,227,335 filed by Plaintiff Agere Systems on February 10, 2005 (Doc. No. 202) is DENIED.

Dr. Rana is one of the inventors of U.S. Patent No. 5,227,335 ("the '355 patent"), which Plaintiff has accused Defendant of infringing.  Defendant has raised the invalidity of the '335 patent as a defense, and has procured deposition testimony from Dr. Rana in which he states that he believes that the '335 patent is invalid in light of certain inventive work performed at IBM prior to the filing of that patent.

Plaintiff bases its motion *in limine* on the theory of "assignor estoppel."   The doctrine is an equitable one, designed to prevent an assignor of patent rights from later contending that what he or she assigned is worthless. Diamond Scientifics v. Ambico, Inc., 848 F.2d 1220, 1224 (Fed. Cir. 1988).  Defendant is correct, however, when it points out in its response that the doctrine is used only when the assignee later sues the assignor or someone in privity with the assignor. This is because underlying concern behind the doctrine is that the assignor should not be permitted to profit twice – once by his initial assignment of the patent rights and again by evading liability for

infringement by claiming that those patent rights were worthless at the time of assignment. Id. at 1225.

Dr. Rana is not a party to this case, and Plaintiff does not assert that he is in privity with Defendant Atmel Corporation. As such, the Court finds that the doctrine of assignor estoppel does not act as a bar to his proposed testimony regarding the earlier inventive activity of IBM and its effect on the validity of the '335 patent.

BY THE COURT:

/s/
Legrome D. Davis, J.