IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., : | : | CIVIL ACTION |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ATMEL CORPORATION, | : | NO. 02-CV-864 |
|    Defendant. | : | |

ORDER

AND NOW, this  23rd  day of February 2005, presently before the Court are the Motion *in Limine* No. 8 to Preclude Atmel from Re-Litigating Claim Construction filed by Plaintiff Agere Systems, Inc. on February 10, 2005 (Doc. No. 205), the Motion *in Limine* Precluding Plaintiff Agere from Proffering Evidence that U.S. Patent No.6,323,126 Covers a Multi-Gas Process filed by Defendant Atmel Corporation on February 10, 2005 (Doc. No. 217), the Motion *in Limine* to Exclude Evidence Construing Patent Terms Which Is Not Contemporaneous with the Time of Invention filed by Defendant Atmel Corporation on February 10, 2005  (Doc. No. 218), and the Motion *in Limine* to Exclude Testimony of Professor Reif Regarding the Construction of the Term "Deposition" filed by Defendant Atmel Corporation on February 10, 2004 (Doc. No. 219).

**I.     Motion *in Limine* No. 8 to Preclude Atmel from Re-Litigating Claim Construction**

Plaintiff moves to prevent Defendant from (1) presenting any evidence that a "glue layer," as used in U.S. Patent No. 5,227,335 ("the '335 patent"), is a layer of material of a single composition; (2) from presenting any evidence that conflicts with the Court's construction of a glue layer as "a layer, composed of one or more materials, which is deposited prior to the tungsten and which has good adhesion both to the underlying dielectric layer and to the

1

tungsten"; and (3) from presenting any evidence regarding the scope of meaning of the terms "thereby" and "completely fills" with respect to U.S. Patent No. 6,323,126 ("the '126 patent").

In its claim construction brief of May 23, 2003 (Doc. No. 63), the Court construed certain terms of the '335 patent, including "glue layer." The Court did not construe any of the terms of the '126 patent, though the parties had initially contested the meaning of the terms "overlying" and "additional material layer" as used in that patent. Doc. No. 63 at 47. However, Defendant offered no argument at the Markman hearing, or in any subsequent filing, as to the terms in the '126 patent. Id. As such, the Court found it unnecessary to construe those terms.

With respect to the term "glue layer" as used in the '335 patent, the Court has clearly construed that term, after argument and full briefing from the parties, as "a layer, composed of one or more materials, which is deposited prior to the tungsten and which has good adhesion both to the underlying dielectric layer and to the tungsten." The Court understands that Defendant will advance the theory at trial that its process, in which separate layers of titanium and titanium nitride are used, does not infringe the '335 patent, as it does not fall within the scope of the term "glue layer" as construed by the Court. The Court will not prevent Defendant from presenting this theory to the jury, which will be capable of determining whether Defendants' process infringes upon Plaintiff's '335 patent.

With respect to the '126 patent, the Court will, as Defendant suggests, allow each party "to present its case to the jury based on its belief as to what the plain and ordinary meaning of the patents' language is." Def.'s Opp'n to Mot. *in Limine* No. 8 at 8. The Court will not preclude Defendant from advancing its theories of non-infringement based on its understanding of the plain and ordinary meaning of the terms "thereby" and "completely fills."

As such, Plaintiff's Motion *in Limine* No. 8 is denied.

II.   **Motion *in Limine* Precluding Plaintiff Agere from Proffering Evidence that U.S. Patent No. 6,323,126 Covers a Multi-Gas Process**

In a reversal of roles from the previous motion, Defendant now moves to prevent Plaintiff from advancing certain constructions of the terms "thereby" and "completely fills" as they are used in the '126 patent. Defendant claims that Plaintiff's proposed testimony indicates that it will advance construction of those terms that depart from their plain and ordinary meaning.

As discussed above, with respect to the '126 patent, the Court will provide both Plaintiff and Defendant with the opportunity to, in the Defendant's own words, "to present its case to the jury based on its belief as to what the plain and ordinary meaning of the patents' language is." Def.'s Opp'n to Mot. *in Limine* No. 8 at 8.

As such, Defendant's motion is denied.

III.  **Motion *in Limine* to Exclude Evidence Construing Patent Terms Which Is Not Contemporaneous with the Time of Invention**

Defendant moves to prevent Plaintiff from (1) introducing testimony that the term "glue layer" can contain multiple layers and (2) introducing evidence and testimony that Defendants' process depositing distinct layers of titanium and titanium nitride infringes the '335 patent under the Doctrine of Equivalents.

With respect to Defendant's first request, the Court reiterates its rationale in denying Plaintiff's request to limit Defendant's presentation on issues related to the term "glue layer" as it is used in the '335 patent: the Court has construed this term and now will let both Plaintiff and Defendant proceed in presenting their theories of infringement and non-infringement to the jury. As stated above, the jury will be capable of applying the Court's construction of the term glue

layer to the evidence presented by the parties in order to determine whether a process that deposits distinct layers of titanium and titanium nitride infringes the '335 patent.

With respect to Defendant's second request, Defendant argues that the Court only vacated its previous grant of summary judgment of non-infringement on claim 1 of the '335 patent with respect to literal infringement. However, Defendant is correct when it states that the Court "ultimately did vacate the *entire* section of its earlier order related to claim 1." Def.'s Mot. *in Limine* to Exclude Evidence Construing Patent Terms at 5 (emphasis added). To be clear, the Court vacated its grant of summary judgment of non-infringement on claim 1 of the '335 patent both as to literal infringement and infringement under the Doctrine of Equivalents. As the Court has found that a genuine issue of material fact exists with respect to the question of whether Defendant's processes infringe the '335 patent under either theory, the Court cannot limit Plaintiff's evidentiary presentation to literal infringement only.

As such, Defendant's motion is denied.

**IV.     Motion *in Limine* to Exclude Testimony of Professor Reif Regarding the Construction of the Term "Deposition"**

Defendant moves to exclude the testimony of Plaintiff's expert, Professor Reif, regarding the construction of the term "deposition" in the '335 patent. Defendant claims that employees at IBM were the first to invent the subject matter of the '335 patent by discovering and performing a process in which distinct titanium and titanium nitride layers are placed between a dielectric and a tungsten layer. Defendant claims that the process that IBM uses to create the layer of titanium nitride falls within the Court's construction of the term "chemical vapor deposition" in its May 23, 2003 claim construction brief (Doc. No. 63) and moves to exclude testimony from

4

Professor Reif that a person of skill in the art would not consider the IBM process to be one in which titanium nitride is "deposited" as that term is used in the '335 patent.

Plaintiff contends that Professor Reif's testimony on this point is necessary for the jury to determine the factual issue of whether the process used by IBM is, in fact, "depositing" as that term is used in the '335 patent. In his second supplemental expert report, Professor Reif opines that the process used by IBM does not contain the step of "depositing a glue layer" that comprises a conducting nitride that the '335 patent does. Morse Decl., Ex. 13 at 2. During the IBM process, a layer of titanium is deposited, then reacted with gaseous nitride to form a layer of titanium nitride above the previously-deposited titanium. Def.'s Mot. *in Limine* to Exclude Testimony of Professor Reif at 3. In his report, Professor Reif states that this process, known as "annealing," would not be understood by a person of ordinary skill in the art to be a "deposition" or a "depositing" as that term is used in the '335 patent. Morse Decl., Ex. 13 at 2-3. Dr. Reif goes on to discuss the advantages of the process described in the '335 patent over that practiced by IBM. Id. at 3.

Given the above, the Court agrees with Plaintiff that the instant question is one of fact – whether the IBM process "deposits" a layer of titanium nitride as that term is used in the '335 patent. Dr. Reif's testimony will be helpful to the finder of fact in making that determination. As such, Defendant's motion is denied.

**V.   Conclusion**

For the foregoing reasons, it is hereby it is hereby ORDERED that:

1)    The Motion *in Limine* No. 8 to Preclude Atmel from Re-Litigating Claim Construction filed by Plaintiff Agere Systems, Inc. on February 10, 2005 (Doc. No. 205) is DENIED;

5

2)  The Motion *in Limine* Precluding Plaintiff Agere from Proffering Evidence that U.S. Patent No.6,323,126 Covers a Multi-Gas Process filed by Defendant Atmel Corporation on February 10, 2005 (Doc. No. 217) is DENIED;

3)  The Motion *in Limine* to Exclude Evidence Construing Patent Terms Which Is Not Contemporaneous with the Time of Invention filed by Defendant Atmel Corporation on February 10, 2005 (Doc. No. 218) is DENIED; and

4)  The Motion *in Limine* to Exclude Testimony of Professor Reif Regarding the Construction of the Term "Deposition" filed by Defendant Atmel Corporation on February 10, 2004 (Doc. No. 219) is DENIED.

                                        BY THE COURT:

                                        /s/
                                    Legrome D. Davis, J.